**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Zachary Sitton,** Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Arroyo Enterprises Group, LLC,** an Arizona limited liability company, **Aldo Arroyo and Paola Arroyo**, a married couple,<br><br>Defendants. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Zachary Sitton ("Plaintiff"), sues the Defendants, Arroyo Enterprises, Group, LLC., Aldo Arroyo and Paola Arroyo (collectively "Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.      This lawsuit also arises under Arizona Minimum Wage Act ("AMWA") Arizona Revised Statutes ("ARS") § 23-363 for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

3.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former Appointment Setters and Canvasing Managers of Defendants who were employed by Defendants at any time starting three years before this complaint was filed, up to the present.

4.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage due and owing to Plaintiffs and others similarly-situated in violation of ARS § 23-363.

6.      Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages owed to himself individually and on behalf of all other similarly-situated Appointment Setters and Canvasing Managers, current and former, of Defendants. Members of the Collective Action who work or worked as Appointment Setters and Canvasing Managers at any time starting three years before this complaint was filed are referred to as the "Collective Members."

7.      Defendants' failure to compensate Plaintiffs and all similarly-situated employees who worked as Appointment Setters and Canvasing Managers at a rate equal

to Arizona's required minimum wage violates ARS § 23-363.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action who work or worked as Appointment Setters and Canvasing Managers at any time starting three years before this complaint was filed are referred to as the "Class Members."

8.      Defendants own and operate a business that specializes in the sale of solar panels and solar systems in the Phoenix Metropolitan Area of Arizona that does business as Luminous Energy and which is the subject of this lawsuit.

9.      Defendants have a policy of withholding the final paychecks of Plaintiff and the Collective members, resulting in workweeks where Plaintiff and the Collective Members are compensated no wages whatsoever.

10.     As a result of Defendants' pay practices, Plaintiff and the Collective Members earned less than the applicable minimum wage in violation of the FLSA 29 U.S.C. § 206(a).

11.     Defendants have a policy of withholding the final paychecks of Plaintiff and the Class members, resulting in workweek where Plaintiff and the Collective Members are compensated no wages whatsoever.

12.     As a result of Defendants' pay practices, Plaintiff and the Class Members earned less than the applicable minimum wage in violation of the AMWA A.R.S. § 23-362, et seq.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**JURISDICTION AND VENUE**

13.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Arizona law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the Collective Members, and the Class Action Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

16.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

17.     Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

18.     Plaintiff serves in the capacity of a representative Plaintiff on behalf of the Collective Members and the Class Members for the time he spent working for Defendants as an Appointment Setter and a Canvasing Manager.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

19.    Plaintiff has given his written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are appended hereto as "**Exhibit A**."

20.    At all material times, Plaintiff and the Collective Members and the Class Member were compensated a base income plus a commission per appointment set.

21.    At all material times, Plaintiff, the Collective Members, and the Class Members were employees of Defendants as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

22.    At all material times, Arroyo Enterprises Group, LLC was a limited liability company duly licensed to transact business in the State of Arizona.

23.    Defendant Arroyo Enterprises Group, LLC does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

24.    At all material times, Defendant Arroyo Enterprises Group, LLC is Plaintiff's, the Collective Members', and the Class Members', "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

25.    Under the FLSA, Defendant Arroyo Enterprises Group, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Arroyo Enterprises Group, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs',

the Collective Members', and the Class Members', employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiffs, the Collective Members, and the Class Members, Defendant Arroyo Enterprises Group, LLC is subject to liability under the FLSA.

26.     Defendant Aldo Arroyo and Paola Arroyo are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Aldo Arroyo and Paola Arroyo are owners of Luminous Energy and were at all relevant times Plaintiff's, the Collective Members', and the Class Members' employers as defined by the FLSA, 29 U.S.C. § 203(d).

27.     Under the FLSA, Defendants Aldo Arroyo and Paola Arroyo are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Aldo Arroyo and Paola Arroyo are the owners of Luminous Energy.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members', and the Class Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Aldo Arroyo and Paola Arroyo are subject to individual liability under the FLSA and the AMWA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-6-

28.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

29.     Defendants, and each of them, are sued in both their individual and corporate capacities.

30.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff, the Collective Members, and the Class Members.

31.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

32.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

33.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

34.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff, the Collective Members, and the Class Members work and wages at all relevant times.

35.     At all relevant times, Plaintiff, the Collective Members, and the Class Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

36.     At all relevant times, Plaintiff, the Collective Members, and the Class Members in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## STATEMENT OF FACTS

37.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38.     At all relevant times, Plaintiff, the Collective Members, and the Class Members were employees of Defendants.

39.     At all relevant times, Defendants improperly classified Plaintiff, the Collective Members, and the Class Members as independent contractors.

40.     Despite being classified as independent contractors, Plaintiff, the Collective Members, and the Class Members were actually employees of Defendants.

41.     Plaintiff, the Collective Members, and the Class Members were all economically dependent on Defendants.

42.     Plaintiff, the Collective Members, and the Class Members had no opportunity for profit or loss depending on their managerial skill.

43.     Plaintiff, the Collective Members, and the Class Members were not permitted to hire others to assist them in their work.

44.     Plaintiff, the Collective Members, and the Class Members all used equipment provided by Defendants.

45.     At all relevant times, Defendants set the work schedules for Plaintiff, the Collective Members, and the Class Members.

-8-

46.     At all relevant times, Defendants required Plaintiff, the Collective Members, and the Class Members to wear a uniform dictated by Defendants.

47.     At all relevant times, Defendants required that Plaintiff, the Collective Members, and the Class Member follow a script provided by Defendants in attempting to set appointments with prospective customers.

48.     At all relevant times, Plaintiff, the Collective Members, and the Class Members were not making or completing sales.

49.     Defendants paid Plaintiff, the Collective Members, and the Class Members a base rate of compensation plus commission per appointment set.

50.     Defendants failed to pay Plaintiff his final paycheck pursuant to a pattern and practice of withholding the final paychecks of all similarly situated employees.

51.     Defendants subjected all of their employees–including Plaintiff, the Collective Members, and the Class Members–to their policy and practice of improperly withholding their final paychecks.

52.     Such policies on Defendants' part violated the FLSA because the failure to pay Plaintiff and the Collective Members their final paychecks resulted in their wages falling below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

53.     Such policies on Defendants' part violated the AMWA because the failure to pay Plaintiff and the Class Members their final paychecks resulted in their wages falling below the applicable minimum wage, in violation of ARS 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

54.     When Plaintiff became a Canvassing Manager, Defendants altered Plaintiff's compensation such that he received no base pay and was compensated solely on a commission basis.

55.     As a result, in certain workweeks, Plaintiff received no wages whatsoever for the hours he worked. As a result, Defendants failed to compensate Plaintiff any wages whatsoever for the hours he worked for Defendants in a given workweek.

56.     As a result of failing to compensate Plaintiff any wages whatsoever for the hours he worked in a given workweek, Defendants violated the FLSA, 29 U.S.C. § 206(a).

57.     As a result of failing to compensate Plaintiff any wages whatsoever for the hours he worked in a given workweek, Defendants violated the AMWA, A.R.S. § 23-362, et seq.

## FLSA COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

59.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

60.     Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated Appointment Setters and Canvassing Managers employed by Defendants at any time three years before the filing of this Complaint through the present.

61.     Plaintiffs seek to notify the following classes of employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **Appointment Setter and Canvassing Manager Members: All individuals who worked at any time for Defendants as appointment setters and/or canvassing managers starting three years before this lawsuit was filed up to the present.**

62.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

63.     The AMWA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act.  ARS § 23-363.  As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the AMWA.  Accordingly, the Court should require appropriate notice of this action be given to all applicable employees employed by Defendants within three years from the filing of this Complaint.

64.     Upon information and belief, Defendants have employed more than 100 employees to whom either or both subclass description apply during the period relevant to this action.

65.    The identities of these employees, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

66.    Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

67.    Collective adjudication is appropriate in this case because the employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected.

**ARIZONA CLASS ACTION ALLEGATIONS**

68.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.    Plaintiff brings his Arizona wage claims as a Rule 23 class action on behalf of the following subclasses:

> **Appointment Setter and Canvassing Manager Members: All individuals who worked at any time for Defendants as appointment setters and/or canvassing managers starting three years before this lawsuit was filed up to the present.**

70.    <u>Numerosity</u>.  The number of Class Action Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendants.

71.    <u>Typicality</u>.  Plaintiff's claims are typical of the Class Action Members because like the Class Action Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Action Members.  Defendants regularly failed to compensate Plaintiff and the Class Action Members their final paychecks for their final week of work.  As a result, Defendants failed to pay Plaintiff and the Class Action Members minimum wage for hours worked.

72.    As a result of such policy and practice by Defendants, Defendants violated the minimum wage provisions of ARS § 23-363.

73.    <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Action Members because it is in his interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Action Members he seek to represent.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

74.   <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.   Whether Defendants required Plaintiff and the Class Action Members to perform work without compensation;

b.   Whether Defendants failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked; and

c.   Whether Defendants subjected Plaintiff and the Class Action Members to the wage deductions of which they complain.

d.   Whether Plaintiff and the Class Members were improperly classified as independent contractors rather than employees.

75.  Common issues of law include, but are not limited to:

a.   Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Action Members;

b.   Whether Plaintiff and the Class Member were employees of Defendants;

c.   Whether Plaintiffs and the Class Action Members are entitled to compensatory damages;

d.   The proper measure of damages sustained by Plaintiffs and the Class Action Members; and

e.   Whether Defendants' actions were "willful."

76.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   Members could afford to pursue individual litigation against companies the size of

2   Defendants, doing so would unduly burden the system.  Individual litigation would

3   magnify the delay and expense to all parties and burden the court system with duplicative

4   lawsuits.  Prosecution of separate actions by individual Class Action Members would

5   create the risk of inconsistent or varying judicial results and establish incompatible

6   standards of conduct for Defendants.

7           77.    A class action, by contrast, presents far fewer management difficulties and

8   affords the benefits of uniform adjudication of the claims, financial economy for the

9   parties, and comprehensive supervision by a single court and Judge.  By concentrating

10  this litigation in one forum, judicial economy and parity among the claims of individual

11  Class Members are promoted.  Additionally, class treatment in this matter will provide

12  for judicial consistency.  The identities of the Class Action Members are readily

13  identifiable from Defendants' records.

14          78.    This type of case is well-suited for class action treatment because: (1)

15  Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on

16  each Defendant to prove it properly compensated its employees; (3) the burden is on each

17  Defendant to accurately record hours worked by employees; and (4) the burden is on each

18  Defendant to prove it properly imposed the tip credit upon its employees.

19          79.    Ultimately, a class action is a superior forum to resolve the Arizona state

20  law claims set forth in this Complaint because of the common nucleus of operative facts

21  centered on the continued failure of Defendants to pay Plaintiffs and the Class Action

22  Members according to applicable Arizona laws.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

80.  <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

**COUNT ONE: FLSA–MINIMUM WAGE**
**COLLECTIVE MEMBERS**
**FAILURE TO PAY FINAL PAYCHECK**

81.  Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

82.  Defendants engaged in the usual policy and practice of failing to compensate Plaintiff and the Collective Members their final paychecks.

83.  As a result, Defendants failed to compensate Plaintiff and the Collective Members any wage whatsoever for their final week of work for Defendants.

84.  As a result, Defendants failed and/or refused to pay Plaintiff and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

85.  As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for their final weeks of work for Defendants.

86.   Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Member the full minimum wage over the

course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

87.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Zachary Sitton, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: AMWA–MINIMUM WAGE**
**CLASS MEMBERS**
**FAILURE TO PAY FINAL PAYCHECK**

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Defendants subjected all of their appointment setters and canvassing managers–including Plaintiff and the Class Members–to their policy and practice of failing to compensate them for their final paychecks

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

90. Such policies on Defendants' part violated the AMWA because the failure to compensate Plaintiff's and the Class Members' their final paychecks brought their wages below the applicable minimum wage, in violation of ARS § 23-363.

91. As such, Defendants therefore failed and/or refused to pay Plaintiff and the Class Members the full minimum wage according to the provisions of the AMWA for at least one or more workweeks that they worked for Defendants, for the duration of their employment, in violation of ARS § 23-363.

92. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full minimum wage over the course of their employment would violate state and federal law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

93. Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Zachary Sitton, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest,

1   reasonable attorneys' fees, costs, and disbursements of this action, and any additional

2   relief this Court deems just and proper.

### COUNT THREE: FLSA–MINIMUM WAGE
### PLAINTIFF ZACHARY SITTON, INDIVIDUALLY
### FAILURE TO PAY MINIMUM WAGE

94.     Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

95.     Defendants subjected Plaintiff to the practice of compensating him solely

on a commission basis for all hours he worked as a Canvassing Manager.

96.     As a result of this compensation structure, Plaintiff worked multiple

workweeks for Defendants without receiving any wages whatsoever.

97.     As such, Defendants therefore failed and/or refused to pay Plaintiff at least

the full minimum wage according to the provisions of the FLSA for at least one or more

workweeks that he worked for Defendants, for the duration of his employment, in

violation of 29 U.S.C. § 206(a).

98.      Defendants knew that – or acted with reckless disregard as to whether –

their failure to pay Plaintiff the full minimum wage over the course of their employment

would violate federal law, and Defendants were aware of the FLSA minimum wage

requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a

willful violation of the FLSA.

99.     Plaintiff is therefore entitled to compensation for the full minimum wage at

an hourly rate, to be proven at trial, plus an additional equal amount as liquidated

damages, together with interest, reasonable attorneys' fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Zachary Sitton, individually, respectfully request that this Court grant relief in Plaintiff's, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: AMWA–MINIMUM WAGE
### PLAINTIFF ZACHARY SITTON, INDIVIDUALLY
### FAILURE TO PAY MINIMUM WAGE

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants subjected Plaintiff to the practice of compensating him solely on a commission basis for all hours he worked as a Canvassing Manager.

102.    As a result of this compensation structure, Plaintiff worked multiple workweeks for Defendants without receiving any wages whatsoever.

103.    As such, Defendants therefore failed and/or refused to pay Plaintiff at least the full minimum wage according to the provisions of the FLSA for at least one or more workweeks that he worked for Defendants, for the duration of his employment, in violation of A.R.S § 23-363.

104.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the full minimum wage over the course of their employment would violate Arizona law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

105.    Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Zachary Sitton, individually, respectfully request that this Court grant relief in Plaintiff's, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th Day of May, 2022.

BENDAU & BENDAU PLLC

By: <u>/s/ *Clifford P. Bendau, II*</u>
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiffs*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060